IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASSOCIATION FOR EQUAL ACCESS, and <br> JAMES RUTHERFORD | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 15 CV 00718 |
| vs. | ) <br> ) | Judge |
| JESUS ROSALES FAMILY CORPORATION <br> d/b/a TORTAS LOCAS, BRIARWOOD <br> PLAZA SHOPPING CENTER, <br> JESUS ROSALES, individually, and <br> IN DO KIM, individually, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Magistrate Judge |
| Defendants. | ) | JURY DEMANDED |

## **COMPLAINT**

Plaintiffs, ASSOCIATION FOR EQUAL ACCESS ("A4EA"), an Illinois association, and JAMES RUTHERFORD ("RUTHERFORD"), individually, on behalf of each other, and on behalf of all other individuals similarly situated, by and through their counsel, the Law Offices of Ronald C. Dahms, and for their Complaint against Defendants JESUS ROSALES FAMILY CORPORATION d/b/a TORTAS LOCAS, BRIARWOOD PLAZA SHOPPING CENTER, JESUS ROSALES ("ROSALES"), Individually, and IN DO KIM ("KIM") individually, allege as follows:

### Introduction

1. Plaintiffs bring this action pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq*.

### Jurisdiction

2. Jurisdiction for this action is founded upon 28 U.S.C. §§1331, 1343(3) and 42 U.S.C. §12188(a)(1).

**Venue**

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the claim arose out of, and Defendants do business in, the City of Mount Prospect, County of Cook, State of Illinois.

**Parties**

4. Plaintiff A4EA is an Illinois association. Members of A4EA include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the association is to represent the interests of its members by assuring places of public accommodation are accessible to and usable by the disabled, and that its members are not discriminated against because of their disabilities. A4EA and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of A4EA's members has suffered an injury that allows it to bring suit in the association's own right. A4EA has also been discriminated against because of its association with its disabled members and their claims. Plaintiff A4EA is an aggrieved "person" within the meaning of the ADA.

5. Plaintiff Rutherford is a resident of Illinois. He is an individual with a disability within the meaning of the ADA because he has a mobility disability that substantially limits one or more of his major life activities ie: walking. Plaintiff Rutherford is a member and officer of Plaintiff A4EA.

6. Defendant JESUS ROSALES FAMILY CORPORATION d/b/a/ TORTAS LOCAS ("TORTAS LOCAS") is a restaurant located at 1827 Algonquin Rd., Mount Prospect, Illinois and is an Illinois corporation.

7. Defendant, JESUS ROSALES ("ROSALES"), is the individual owner, president,

and sole proprietor of Defendant, TORTAS LOCAS, and, on information and belief, resides in Bartlett, Illinois.

8. Defendant, BRIARWOOD PLAZA SHOPPING CENTER ("BRIARWOOD PLAZA"), is a strip mall located at 1801-1843 W. Algonquin Rd., Mount Prospect, Illinois. Defendant, TORTAS LOCAS, is a restaurant located within BRIARWOOD PLAZA.

9. Defendant, IN DO KIM ("KIM"), on information and belief, is the individual owner, president, and sole proprietor of Defendant, BRIARWOOD PLAZA, and landlord of TORTAS LOCAS, and, on information and belief, resides in Niles, Illinois.

10. Defendants, TORTAS LOCAS and BRIARWOOD PLAZA, are places of public accommodation within the meaning of Title III of the ADA. People with disabilities are not able to access TORTAS LOCAS and BRIARWOOD PLAZA (collectively "facilities") due to the inaccessibility of the restaurant and strip mall as set forth herein in greater detail.

**COUNT - (Violation of ADA Title III)**

11. Plaintiffs hereby incorporate by reference Paragraphs 1 through 10 above.

12. Pursuant to 42 U.S.C. §12182 and 28 CFR 36.201(a), Congress intended for no place of public accommodation to discriminate against an individual on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of accommodation.

13. Plaintiffs A4EA and Rutherford have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described herein, but not necessarily limited to the allegations contained in paragraph 14 below of this complaint.

14. Plaintiff Rutherford, on one or more occasions, attempted to access or use the

Defendants' facilities with a mobility device to avail himself of the goods and services available at Defendants' facilities and to assure himself that the property is compliant with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. Plaintiff Rutherford was unable to access or use the facilities due to the following reasons:

Parking:

(a) There is no handicapped nor van accessible signage in the parking lot spaces, in violation of Section 4.6.4 of the 1991 ADA Accessibility Guidelines ("1991 Standards"), 28 CFR Part 36, and the corresponding sections of the 2010 ADA Standards for Accessibility Design ("2010 Standards"), which consists of the Title III regulations 28 CFR Part 36, subpart D, and the 2004 ADA Accessibility Guidelines ("2004 Standards") at 36 CFR Part 1191, appendices B and D.  Both the 1991 and 2010 Standards are incorporated by reference into 42 U.S.C. §12101 *et seq*.,

(b) There is no van accessible parking space access zones with the appropriate dimensions, in violation of Sections 4.1.2(5) and 4.6.3 of the 1991 Standards, and the corresponding sections of the 2010 Standards;

Doors

(c) The main entrance door does not have a handle, which does not require tight grasping, tight pinching, or twisting of the wrist to operate, in violation of Section 4.13.9 of the 1991 Standards, and the corresponding sections of the 2010 Standards;

(d) The entrance door to the men's public restroom is approximately 29 inches wide which, when opened 90 degrees, is less than 32 inches wide in violation of Sections 4.13.5 and 4.3.9 of the 1991 Standards, and the corresponding sections of the 2010 Standards;

(e) The entrance door to the men's restroom toilet is approximately 29 inches wide which, when opened 90 degrees, is less than 32 inches wide in violation of Sections 4.13.5, 4.17.3, and 4.22.2 of the 1991 Standards, and the corresponding sections of the 2010 Standards;

Dining Area/Raised Platform

(f) The raised platform area encompassing much of the restaurant is inaccessible to Mr. Rutherford as patrons can only access that area by climbing several steps as there is no ramp available, and so it is not on an accessible route, in violation of Sections 4.3.1, 4.3.2, 4.3.8, and 4.3.10 of the 1991 Standards, and the corresponding sections of the 2010 Standards;

Water Closet

(g) The centerline of the water closet is 24 inches to the nearest wall in violation of section 4.16.2 (Fig 28) of the 1991 Standards, which requires the centerline be 18 inches, and the corresponding sections of the 2010 Standards;

(h) The clear floor space to the water closet in the men's restroom is insufficient and less than 56 inches in length in violation of Sections 4.16.2, 4.17.3, and 4.22.3 of the 1991 Standards, and the corresponding sections of the 2010 Standards;

(i) The toilet stall and water closet in the men's restroom are not on an accessible route, in violation of Sections 4.3.1, 4.17.3, 4.22.3 of the 1991 Standards, and the corresponding sections of the 2010 Standards.

15. The discriminatory violations described above in paragraph 14 are not an exclusive list of the Defendants' ADA violations.

16. The ADA expressly prohibits, among other things, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any person who owns, leases, or operates a place of public

accommodation. Discrimination under the ADA includes a failure to render a public accommodation accessible to individuals with disabilities and a failure to remove architectural barriers preventing their access to and use of the facility.

17. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992 in accordance with Section 28 C.F.R. 36.304(a).

18. If there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals with mobility disabilities, 28 C.F.R. 36.402, in compliance with the 1991 Standards. Additionally, if the Defendants' facilities are one which was designed and constructed for first occupancy subsequent to January 26, 1992 as defined in 28 C.F.R. 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA and in compliance with the 1991 Standards.

19. If there has been an alteration to Defendants' places of public accommodation between September 15, 2010 and March 15, 2012, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals with mobility disabilities, in compliance with either the 1991 Standards or the 2010 Standards. Additionally, if the Defendants' facilities are one, which was designed and constructed for first occupancy between September 15, 2010 and March 15, 2012, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA and in

compliance with either the 1991 Standards or the 2010 Standards.

20. If there has been an alteration to Defendants' places of public accommodation subsequent to March 15, 2012, then the Defendants are required to ensure to the maximum extent feasible that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals with mobility disabilities, in compliance with the 2010 Standards. Additionally, if the Defendants' facilities are one, which was designed and constructed for first occupancy subsequent to March 15, 2012, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA and in compliance with the 2010 Standards.

21. Defendants have violated Title III of the ADA by their failure to render a public accommodation accessible to individuals with disabilities and their failure to remove architectural barriers preventing their access to, and use of, the facility.

22. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff Rutherford plans to return to Defendants' facilities in Mount Prospect not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

23. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination form the Defendants' non-compliance with the ADA with respect to the facilities as described above in paragraph 14 of this complaint.

24. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

25. Pursuant to 42 U.S.C. §12188, this Court has authority to grant Plaintiffs

injunctive relief including an order to alter TORTAS LOCAS and BRIARWOOD PLAZA to make the facility readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Court:

(a) Enter judgment declaring that Defendants have violated and is violating the ADA.

(b) Enter an injunction ordering Defendants to (i) cease violating the ADA and (ii) to bring its facilities into full compliance with the ADA;

(c) Award compensatory damages in such an amount as the Court finds just and proper;

(d) Grant Plaintiffs their attorney's fees, costs and litigation expenses incurred in the prosecution of this action; and

(e) Grant such further relief as the Court deems just and proper and/or is allowable under Title III of the ADA.

Dated: January 23, 2015

Respectfully Submitted,

*s/ Ronald C. Dahms*
RONALD C. DAHMS
One of Plaintiffs' Attorneys

Laws Offices of Ronald C. Dahms
135 South LaSalle St, Suite 3300
Chicago, IL 60603
(312) 609-0060